**FILED**
**Aug 05, 2026**
**02:45 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **DOUGLAS BURKE,**<br>            **Employee**,<br><br>v.<br><br>**BK PLUMBING, INC.,**<br>            **Employer**,<br>**and**<br>**LUBA INDEMNITY INS. CO.,**<br>            **Carrier**. | **Docket No. 2026-30-1280**<br><br><br><br>**State File No. 860053-2026**<br><br><br>**Judge Pamela B. Johnson** |

## EXPEDITED HEARING ORDER
### *Decision on the Record*

---

Douglas Burke injured his back at work and asked for medical and temporary disability benefits. BK Plumbing denied that his injury arose primarily out of and in the course and scope of his employment. For the reasons below, the Court grants in part Mr. Burke's request for benefits.

## Claim History

On January 28, 2026, Mr. Burke reported a low-back injury to BK Plumbing from lifting and carrying a 45-pound box of insulation. He asked for benefits, but none were offered. So, he visited an emergency room that day.

Although Mr. Burke injured his back previously, requiring surgery, he had not treated for that injury for more than one year before this work injury.

At the emergency room, he told staff that he injured his back from lifting at work and mentioned his previous injury and treatment. The nurse reported that "he ha[s] concrete in his low back and needs a lower back x-ray," stating "he got hurt on the job lifting too much." The evaluating physician noted:

1

The patient presents with back pain. The onset was chronic. The course/duration of symptoms is constant and improving. Type of injury: lifting. The location where the incident occurred was at work . . . Risk factors consist of compression fracture s/p Kyphoplasty. Prior episodes: occasional.

An x-ray showed evidence of treatment for his prior injury, an interval L4 kyphoplasty, and revealed advanced lower lumbar facet arthropathy. The physician diagnosed back pain and degenerative joint disease.

Since the work injury, Mr. Burke has back pain and numbness in his toes.

BK Plumbing argued Mr. Burke is not entitled to benefits because he has not shown through expert opinion that his employment was more than 50% responsible for his present condition. It asserted that he did not offer "an opinion regarding causation or evidence of an actual progression or aggravation of a prior disabling condition or disease" or evidence that his condition primarily arose from the alleged lifting incident.

**Findings of Fact and Conclusions of Law**

Mr. Burke's burden is not to prove a compensable injury by a preponderance of the evidence, but to prove that he is likely to prevail at a compensation hearing on the requested benefits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Here, Mr. Burke offered uncontradicted testimony that he injured his back while lifting and carrying a box at work. The same day, he reported the injury and sought medical treatment. The emergency room records indicated that Mr. Burke told staff he injured his back while lifting at work. Thus, the evidence shows that he suffered a work injury, reported it to BK Plumbing, and asked for medical care.

The evidence here supports awarding a panel of orthopedic physicians. An employer shall furnish, free of charge to the employee, "treatment . . . made reasonably necessary" by the work accident. Tenn. Code Ann. section 50-6-204(a)(1)(A) (2025). To that end, subsection 50-6-204(a)(3)(A)(i) requires an employer to offer a panel of three doctors for the employee to choose one as a treating physician. Moreover, an employer must provide the panel "[f]ollowing receipt of notice of a workplace injury and the employee expressing a need for medical care." Tenn. Comp. R. & Regs. 0800-02-01-.06(1) (May 2018).

2

Aside from its own interpretation of the medical records, BK Plumbing presented no proof to support its contention that Mr. Burke failed to meet his burden. "The parties and their lawyers cannot rely on their own medical interpretations of the evidence to successfully support their arguments, and they face significant risks if they choose to do so." *Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Jan. 30, 2018).

Therefore, the Court orders BK Plumbing to provide Mr. Burke a panel of orthopedic physicians from which he shall select a treating physician.

To recover temporary disability benefits, Mr. Burke must show: (1) he became disabled from working due to a compensable injury; (2) a causal connection between the injury and his inability to work; and (3) the period of his disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Mr. Burke did not introduce expert testimony that he was taken off work or restricted from work due to his injury or evidence of his average weekly wage or compensation rate. Thus, Mr. Burke did not prove that he is likely to prevail at the compensation hearing that he is entitled to temporary disability benefits.

Finally, section 50-6-118 requires the Bureau to collect penalties in certain circumstances, including the failure of an employer to timely provide a panel of physicians. Based on the Court's findings, the Court refers BK Plumbing to the Bureau's Compliance Program for investigation and assessment of a penalty for its failure to timely offer a panel of physicians.

**IT IS, THEREFORE, ORDERED as follows:**

1. BK Plumbing shall provide a panel of orthopedic physicians and offer reasonable and necessary medical treatment related to the January 28, 2026 work injury.

2. Mr. Burke's request for temporary disability benefits is denied at this time.

3. BK Plumbing and its carrier are referred to the Compliance Program for investigation and assessment of a penalty for failure to timely offer a panel of physicians.

3

4. The parties must appear for a Status/Scheduling Hearing on **December 17, 2026**, at **9:30 a.m. Eastern Time**. The parties must dial 855-543-5041 to participate.

5. Unless appealed, compliance must occur within seven business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED August 5, 2026.**



**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

## APPENDIX

The technical record consists of all documents filed on the TNComp electronic filing system, which the Court will consider in reaching its decision.

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this order was sent as shown on August 5, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| George Garrison, Employee's Attorney | | X | georgegarrison@volsfirm.net |
| James H. Tucker, Jr. Employer's Attorney | | X | jtucker@manierherod.com |
| Compliance Program | | X | wccompliance.program@tn.gov |

_Penny Shrum_
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month      Telephone    $ _____ per month

Electricity    $ _____ per month      School Supplies $ _____ per month

Water    $ _____ per month      Clothing    $ _____ per month

Gas    $ _____ per month      Child Care    $ _____ per month

Transportation $ _____ per month      Child Support $ _____ per month

Car    $_____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____